AO 245B (Rev. 9/11) Judgment in a Criminal Case
Sheet 1

# United States District Court
## Western District Of Oklahoma

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| | CASE NUMBER: CR-14-170-001-D |
| | USM Number: 28947-064 |
| WES YUI CHEW | Daniel G. Webber |
| THE DEFENDANT: | Defendant's Attorney |

☒ pleaded guilty to count(s) 1 of the Information filed June 3, 2014                              .

☐ pleaded nolo contendere to count(s) _____.
which was accepted by the court.

☐ was found guilty on count(s) _____. after a
plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1957(a) | Money laundering; | April 29, 2013 | 1 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____.

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in the defendant's economic circumstances.

April 2, 2015
Date of Imposition of Judgment

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

April 7, 2015
Date

DEFENDANT: WES YUI CHEW
CASE NUMBER: CR-14-170-001-D

Judgment - Page   2   of   6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   48 months as to Count 1 of the Information filed June 3, 2014 .

☒ The court makes the following recommendations to the Bureau of Prisons:

**       Inmate Financial Responsibility Program at a rate determined by the Bureau of Prisons with the requirements of the program

**       FPC-Montgomery, Alabama, if eligible or a facility as close to Montgomery, Alabama with RDAP

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

❏ at _____ on _____.

❏ as notified by the United States Marshal.

☒ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒ before 12:00 p.m. on  May 5, 2015 .

☒ as notified by the United States Marshal.

☒ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment by:

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

DEFENDANT: WES YUI CHEW
CASE NUMBER: CR-14-170-001-D

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:   3 years   .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody.

The defendant shall not commit another federal, state or local crime.

The defendant must not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☒  The defendant must not possess a firearm or destructive device, or other dangerous weapon.  (Check if applicable.)

☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check if applicable.)

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  (Check if applicable.)

☐  The defendant shall participate in an approved rehabilitation program for domestic violence.  (Check if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  The defendant shall report to the probation officer in a manner and frequency directed by the probation officer;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten(10) days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: WES YUI CHEW
CASE NUMBER: CR-14-170-001-D

## SPECIAL CONDITIONS OF SUPERVISION

☒ The defendant shall participate in a program of substance abuse aftercare at the direction of the probation officer to include urine, breath, or sweat patch testing; and outpatient treatment.  Defendant shall totally abstain from the use of alcohol and other intoxicants both during and after completion of any treatment program. The defendant shall not frequent bars, clubs, or other establishments where alcohol is the main business.  The court may order that the defendant contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer based on the defendant's ability to pay.

☒ The defendant shall participate in a program of mental health aftercare at the direction of the probation officer.  The court may order that the defendant contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer based on the defendant's ability to pay.

☒ The defendant shall complete 104 hours of community service during the first year of supervised release as directed by the probation officer.

☒ The defendant shall disclose all assets and liabilities to the probation office.  The defendant shall not transfer, sell, give away or otherwise convey any asset without first consulting with the probation office.

☒ The defendant shall, upon request of the probation office, authorize release of any and all financial records, income tax records and social security records, by execution of a release of financial information form, or by any other appropriate means.

☒ The defendant shall not make application for any loan or enter into any credit arrangement without first consulting with the probation office.

☒ If the defendant maintains interest in any business or enterprise, the defendant shall, upon request, surrender and/or make available for review, any and all documents and records of said business or enterprise to the probation office.

DEFENDANT: WES YUI CHEW

CASE NUMBER: CR-14-170-001-D

Judgment - Page   5   of   6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $100.00 | $117,166.48 | $15,046,690.16 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* will be entered after such a determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| U. S. Court Clerk Western District of Oklahoma to be forwarded to: |  |  |  |
| Neil A. Dellar Office of General Counsel Federal Communications Commission 445 12th Street S.W. Washington, DC 20554 |  | $15,046,690.16 |  |
| **Totals:** | $_____ | $15,046,690.16 |  |

☐ Restitution amount ordered pursuant to plea agreement     $ _____

☐ The defendant must pay interest on restitution and a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for default and delinquency under to 18 U.S.C. § 3612(g).

☑ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived for the ☐ fine   ☐ restitution.

☐ The interest requirement for the ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: WES YUI CHEW                                    Judgment - Page  6  of  6
CASE NUMBER: CR-14-170-001-D

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☒ Lump sum payment of $ 15,163,956.46    due immediately, balance due

    ☐ not later than _____ , or

    ☒ in accordance with ☐ C, ☒ D, or ☐ E, or F below; or

B   ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C   ☐ Payment in equal ____ (e.g, weekly, monthly, quarterly) installments of $___ over a period of ___ (e.g.,   months or years), to commence ____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☒ Payment in monthly installments of the greater of (Restitution)$1000.00 (Fine) $500.00 or ten(10) percent of the defendant's gross monthly income as directed by the probation officer, to commence not later than 30 days   after release from imprisonment to a term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    ☒ Joint and Several

       Wes Yui Chew,         CR-14-170-001-D, $15,046,690.16
       ICON Telecom, Inc., CR-14-170-002-D, $15,046,690.16

       Defendant and Co-Defendant Names and Case Numbers(including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

    approximately $20,542,740.73 in U.S. currency, seized in Case Number M-13-468-SM (W.D. Okla.), from Ally Bank account number XXXXXX7885 on or about October 4, 2013, together with interest accrued since the date of seizure.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution (7) penalties, and (8) costs, including cost of prosecution and court costs.